[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband, 49, and the defendant wife, 47, married on December 24, 1972 in Cambridge, Massachusetts. Three children were born issue of the marriage. The youngest, Kareem Mandela is a minor, having been born on July 30th, 1986. The CT Page 8811 parties agreed to joint legal custody with physical residence with the defendant and reasonable visitation given the plaintiff. On February 10, 1999, a judgement of dissolution was rendered. It was reopened on March 3, 1999 and then a judgment of dissolution was again rendered on March 3, 1999 at which time the allegations of the complaint were found proven. The case was then segmented and all financial orders were reserved for a written memorandum. The court ordered joint legal custody, physical custody of the minor child was awarded to the mother and reasonable visitation awarded to the father, all as part of the entry of judgment. The court heard final argument on March 25, 1999.
Both parties were university students when they married. The plaintiff is an ordained minister. He is a graduate of Harvard Divinity School. The defendant is an ordained minister. She is a graduate of Colgate Rochester Divinity School. After finishing their masters degrees they served as missionaries in Africa for a year. They then returned to Cambridge, Massachusetts for a year, relocated to Philadelphia for a year, then to Buffalo for five years and finally settled in Brooklyn. New York in 1982. The defendant moved to White Plains, New York in July 1996 and has resided in Connecticut since November, 1997.
The parties purchased a residence in Atlanta, Georgia. They intended to eventually move there. The down payment consisted of savings and withdrawals from the parties respective pensions. The parties' two older children resided there while attending college. The parties used the home from time to time. The defendant's sister occupied the home. The defendant's brother occupied the home for six months. The mortgage payments and taxes were a continuing financial burden on the parties. During these years the Brooklyn church provided a parsonage to the parties. After the parties separated, the defendant continued to occupy the parsonage without cost to her until July, 1997.
The plaintiff paid mortgage installments on the Georgia house through July, 1996. The mortgagee began foreclosure proceedings in October, 1996. To save the property the defendant withdrew between $12,000.00 and $14,000.00 from her pension and gave it to the bank. She continued to drain her pension in an effort to stare off another foreclosure but without success. Another foreclosure was commenced. At some point the defendant also borrowed $12,000.00 from a friend which also was paid to "get the foreclosure stopped." That debt owed to her friend remains unpaid. The defendant refused to consider the plaintiff's request CT Page 8812 that the house be sold. In one final effort to save the property from foreclosure the plaintiff invaded his pension funds. He withdrew $58,000.00, netting about $39,000.00 after penalty and tax withholding. A lump sum payment of undetermined amount was made from these funds which the plaintiff also used for other purposes including living expenses.
At the time of trial the plaintiff was president and CEO of Faith Center for Community Development, 99 Park Avenue, N.Y. N.Y. He is paid $1,923.00 weekly gross and received, after mandatory deductions, $1,257.00 net weekly. He derives income as chaplain to the N.Y.C. Sanitation Department, receiving $317.00 gross weekly and $259.00 net after taxes. He also receives income from honoraria averaging $316.00 gross weekly and $220.00 net weekly. The total net weekly is $1,736.00.
The defendant was an under-graduate attending Tufts University when she married the plaintiff. She graduated in June, 1973 and then attended Boston University, receiving a master's degree in 1975. The defendant received a Master's Divinity degree from Colgate Rochester Divinity School in 1982. She received a Doctorate of Education from Columbia University in 1992.
From 1982 to 1996 the defendant was assistant pastor at the same church where the plaintiff was serving as head pastor. The parties had agreed that a major objective of the plaintiff was to be elected a bishop in the African Methodist Episcopal Church. This goal entailed substantial travel by plaintiff who visited different districts of the church. The defendant prepared materials for plaintiff's use in giving seminars and delivering sermons. Between 1986 and 1988 the plaintiff attended Colgate Rochester Divinity School during the week. The defendant maintained the Parish activities in his absence. The election for the bishop's post was held in June or July 1996. The plaintiff was not elected.
In July, 1996 the defendant was relieved by the plaintiff of her position as assistant pastor. At this time the defendant is an Associate Dean and Professor of Religious Education at New York Theological Seminary. The defendant receives a salary and a housing allowance. In January, 1998 the defendant started a church from which she has been receiving $77.00 weekly. She also is paid for speaking engagements, receiving a total of $230.00 weekly gross and after taxes, $109.00 net weekly. The court notes that the defendant's housing allowance, listed on her affidavit CT Page 8813 as $686.00 weekly, is non-taxable. The defendant lists a gross weekly income from her principal employment as $1,055.00 and a net weekly wage of $1,012.00.
The first day of trial was January 6, 1999. The defendant was testifying. The court found as a liability that the defendant listed on her financial affidavit as:
"Builder Judgment, person $100,000.00"
The court then stated:
 "And the affidavits are very confusing. I'm going to recess the case, and I'm going to ask both sides to get better information because I can't decide this case on this kind of information."
The trial resumed on March 3, 1999. The defendant's exhibit D, consisting of a summons to state court of Fulton County, Georgia served on the defendant in this action, accompanied by a complaint alleging that both parties to this dissolution action, as part of the consideration for their purchase of 100 Hamden Forest Trail, S.W., Atlanta, Fulton County, Georgia from the plaintiff in said action, executed a promissory note for $88,288.00 dated October 21, 1994. The note came due on October 21, 1996 and since it was unpaid it began to accrue interest at 11% as well as attorney's fees of 15% of the judgment. The exhibit also contained a notice that a foreclosure sale was scheduled for February 2, 1999 pursuant to proceedings brought by the first mortgagee. The holder of the note never served the plaintiff in this dissolution action.
On February 1, 1999, the defendant filed a chapter 13 petition in the Eastern District, Brooklyn, N.Y. No further details were given.
The defendant also lists, on her financial affidavit filed March 3, 1999:
 "Leased Mercedes Benz, $181 per week, car cannot be driven since badly damaged in accident. Not covered by insurance. Must rent or borrow cars."
The accident occurred on April 3, 1997. The vehicle had been leased in 1996 for five years. The defendant testified she did CT Page 8814 have collision insurance. The court is unable to draw any inference from this dispute.
The plaintiff has been paying $600.00 monthly to the defendant for the support of their minor son. Their combined net weekly disposable income is well above the maximum child support schedule amount.
The plaintiff asserts that the deteriorating financial picture painted by the parties was a major cause of the breakdown of the marriage. The plaintiff had also formed a relationship with another woman before departing the marital residence. The court concludes that the plaintiff's behavior in this regard was the major cause of the break down and exacerbated an allegedly fragile financial situation.
The parties also have substantial tax liabilities which the plaintiff lists as:
 "`90 Federal tax filed (Jt) $1,923.00 `93 Federal tax filed (Jt) $6,795.00 `94 Federal tax filed (Jt) $16,759.00"
The court enters the following orders, having in mind §46b-81, § 46b-82 and relevant case law.
1. The plaintiff shall pay to the defendant, as periodic alimony taxable to the payee and deductible by the payor, the sum of $300.00 weekly until the death of either party, the remarriage of the defendant, or future court order. § 46b-86 applies to this order.
2. The plaintiff shall pay to the defendant, as child support, the sum of $600.00 monthly.
3. A contingent wage withholding order is entered. The advisement of rights form and waiver are on file.
4. The plaintiff shall continue to carry the minor child on his medical insurance. § 46b-84(e) applies to this order.
5. The defendant is awarded the plaintiff's interest in the Atlanta real estate, transfer to be by quit-claim deed.
6. The plaintiff shall assume sole responsibility for the CT Page 8815 federal income tax liens for 1990, 1993 and 1994, saving the defendant harmless and indemnified.
7. The parties shall otherwise retain their individual assets as now possessed and they shall be solely responsible for their individual liabilities.
8. No counsel fees are awarded to either party.
The plaintiff's attorney shall draft the judgment file.
HARRIGAN, J.